## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UMAMI BURGER LICENSING USA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | **Case No. _____** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| WSONG, INC d/b/a BOPNGRILL, and WILL SONG, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Umami Burger Licensing USA, LLC for its Complaint against Defendants, Wsong, Inc. d/b/a BopNGrill and Will Song, alleges as follows:

## PARTIES

1.    Plaintiff Umami Burger Licensing USA, LLC is a limited liability company organized under the laws of Delaware with a place of business at 5900 Wilshire Blvd., 30th Floor, Los Angeles, California 90036.

2.    On information and belief, Defendant Wsong, Inc. d/b/a BopNGrill ("BopNGrill"), is an Illinois corporation with its principal place of business at 6604 N. Sheridan Road, Chicago, Illinois 60626.

3.    On information and belief, Defendant Will Song is an individual who resides in this judicial district. Upon Information and belief, Mr. Song is an officer of BopNGrill. Upon information and belief, Mr. Song, both individually and in his capacity as an officer of BopNGrill, has directed, authorized and/or participated in the infringing and unlawful conduct

complained of herein. (Mr. Song and BopNGrill are collectively referred to hereinafter as "Defendants").

## JURISDICTION AND VENUE

4.      This is an action seeking remedies for trademark infringement, unfair competition and dilution under the Lanham Act, 15 U.S.C. § 1114(a), § 1125(a) and § 1125(c); for violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS 510/1, and trademark infringement and unfair competition under the laws of Illinois.

5.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act. This court also has jurisdiction under 28 U.S.C. §1367.

6.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the activities giving rise to the claims alleged herein occurred in this judicial district and all Defendants are found in this judicial district.

## NATURE OF THE CASE

7.      Plaintiff Umami Burger Licensing USA, LLC is a part of the Umami Restaurant Group (collectively referred to hereinafter as "URG"), and it brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its UMAMI BURGER trademark. URG has used its UMAMI BURGER mark for many years in connection with its well-known restaurant services, including its renowned chain of Umami Burger restaurants, which, as set forth more fully below, has been the subject of national and international acclaim and which is presently being expanded nationwide.

8.      As described more fully below, without URG's authorization or consent and with full knowledge and willful disregard of URG's prior rights in its federally-registered UMAMI BURGER mark, Defendants are using the designation UMAMI in connection with a burger

offering on the menu at their restaurant. Defendants' unauthorized use of the UMAMI designation in this capacity is likely to dilute URG's famous UMAMI BURGER mark. Defendants' use of the UMAMI designation in this capacity is also likely to lead consumers to incorrectly believe that Defendants or their restaurant services or products are authorized by, sponsored by or affiliated with URG and its well-known marks and restaurant services.

## COMMON ALLEGATIONS

### URG's Business and UMAMI BURGER Mark

9. URG is a premier restaurant group based in Los Angeles, California that has invested enormous time, effort, and resources in promoting and providing restaurant services and products under and in connection with the UMAMI BURGER mark. As a result of these efforts, URG's restaurants and products have garnered tremendous media attention and critical acclaim in prominent publications such as GQ Magazine, the New York Times, the New Yorker, the Los Angeles Times, and Fast Company, to name just a few. Presently, URG owns and operates premier restaurants across the United States under the UMAMI BURGER mark.

10. As part of its ongoing national expansion, URG owns and operates over twenty UMAMI-branded restaurants, including here in Chicago and in New York, San Francisco and Las Vegas. More UMAMI BURGER restaurants are under development and are planned – including here in Chicago – and URG continues to grow.

11. Among other means of promotion, URG promotes its UMAMI-branded restaurants on its website at <www.umami.com>, which is accessible worldwide.

12. For many years, and long prior to Defendants' unauthorized adoption or use of its UMAMI designation, URG has provided and extensively promoted its renowned restaurant services and burger offerings under and in connection with its UMAMI BURGER mark,

3

establishing both common law rights as well as rights under the Lanham Act. Indeed, among the menu items available at most UMAMI-branded restaurants is its famous "Umami Burger."

13.    As a result of URG's continuous and extensive use and promotion of its UMAMI BURGER mark in connection with its restaurants and burger offerings, its UMAMI BURGER mark has developed considerable customer recognition across the country. The UMAMI BURGER mark thus has acquired a further distinctiveness and secondary meaning signifying URG, and URG has cultivated and now owns considerable and valuable goodwill in and symbolized by the UMAMI BURGER mark.

14.    This consumer goodwill and recognition constitutes one of URG's most valuable assets. Accordingly, the integrity of URG's UMAMI BURGER mark is extremely important to URG, and crucial to the continued vitality and growth of URG's business.

15.    To protect its UMAMI BURGER mark, URG owns numerous U.S. federal trademark registrations covering UMAMI-formative marks including UMAMI BURGER (U.S. Reg. No. 4,153,126) and UMAMIBURGER (U.S. Reg. No. 4,494,169, 4,649,957 and 4,649,955). Copies of the registration certificates for these marks are attached hereto as Exhibit A.

**Defendants' Infringement of URG's UMAMI BURGER Mark**

16.    Long after URG began its extensive promotion and use of its UMAMI BURGER mark in connection with restaurant services and burger offerings, and long after URG applied to federally register its UMAMI BURGER mark, Defendants adopted and began using the term UMAMI as the name of one of its burger offerings on its menu at BopNGrill. Indeed, Defendants regularly refer to this menu offering as its "Umami Burger."

17.    Upon discovering Defendants' use of the UMAMI designation on its menu, URG sent a letter to Defendants demanding that Defendants cease all use of the UMAMI designation

on the basis that such use would inevitably cause consumer confusion with URG's federally-registered UMAMI BURGER mark. Defendants did not offer the courtesy of even responding to URG's demand letter nor did they cease using the UMAMI designation.

18.     URG has repeatedly contacted Defendants and objected to their unauthorized use of the UMAMI designation. However, Defendants have refused to remove the UMAMI burger offering from the BopNGrill menu. Indeed, through its counsel, URG has sent several cease and desist letters to Defendants via email, federal express, and process server and has also called and spoken with several employees at Defendants' BopNGrill restaurant, each time requesting a response from Defendants, but in no case have Defendants substantively responded to URG. Defendants' blatant disregard of URG's intellectual property rights and repeated failure to respond to URG's demands underscores Defendants' bad faith.

19.     Accordingly, there is no question that Defendants' ongoing and unauthorized use of the UMAMI designation is intentional and done with actual knowledge of URG's UMAMI BURGER mark and with the intent to trade on the goodwill associated therewith.

20.     Defendants' use of the UMAMI designation dilutes URG's UMAMI BURGER mark and is likely to confuse members of the public in that it will lead the public to believe incorrectly that URG is the source of, has endorsed or approved, or is somehow legitimately associated with Defendants or their goods and services, thereby injuring the goodwill URG has built in the UMAMI BURGER mark.

21.     In light of Defendants' unauthorized use of the UMAMI designation in connection with identical goods and services as those offered for many years by URG under its federally-registered UMAMI BURGER mark, and in light of Defendants' refusal to accede to URG's repeated demands to cease use of the UMAMI designation, URG had no choice but to

protect its rights in its valuable UMAMI BURGER mark through this action.  All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL SERVICE MARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

22.     URG realleges and incorporates herein paragraphs 1 through 21 of this Complaint.

23.     Defendants' aforesaid use of their UMAMI designation with restaurant services is without URG's authorization or consent.

24.     Defendants' unauthorized use of their UMAMI designation in connection with their promotion and provision of restaurant services is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants or their services with URG and its federally-registered UMAMI BURGER mark in violation of 15 U.S.C. §1114(1)(a).

25.     Defendants' unauthorized conduct has deprived and will continue to deprive URG of the ability to control the consumer perception of its restaurant services provided in connection with its UMAMI BURGER mark, placing the valuable reputation and goodwill of URG in the hands of Defendants, over whom URG has no control.

26.     Because Defendants had actual notice of URG's prior use of and rights in its UMAMI BURGER mark before Defendants began using their UMAMI designation, Defendants are willfully engaged in service mark infringement in violation of the Lanham Act.

27.     As a result of Defendants' conduct, URG has suffered substantial damage and irreparable harm to its UMAMI BURGER mark, constituting an injury for which URG has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, URG will continue to suffer irreparable harm.

## COUNT II

## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125 (a))

28.     URG realleges and incorporates herein paragraphs 1 through 27 of this Complaint.

29.     Defendants' actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' services with URG and its UMAMI BURGER mark, and as to the origin, sponsorship or approval of Defendants and their products and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

30.     Defendants' unauthorized conduct has deprived and will continue to deprive URG of the ability to control the consumer perception of its restaurant services provided in connection with its UMAMI BURGER mark, placing the valuable reputation and goodwill of URG in the hands of Defendants, over whom URG has no control.

31.     Because Defendants had actual notice of URG's prior use of and rights in its UMAMI BURGER mark before Defendant began using their UMAMI designation, Defendants are willfully engaged in false designation of origin in violation of the Lanham Act.

32.     As a result of Defendants' conduct, URG has suffered substantial damage and irreparable harm to its UMAMI BURGER mark, constituting an injury for which URG has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, URG will continue to suffer irreparable harm.

**COUNT III**

**DILUTION OF A FAMOUS MARK**
**(15 U.S.C. § 1125 (c))**

33.     URG realleges and incorporates herein paragraphs 1 through 32 of this Complaint.

34.     Through URG's extensive, continuous and successful use and promotion of its UMAMI BURGER mark, the general consuming public has come to widely recognize the UMAMI BURGER mark as being uniquely associated with URG and its products and services. As a result, the mark is widely recognized by the general consuming public of the United States as a designation of source of URG's goods and services. Accordingly, the UMAMI BURGER mark is famous within the meaning of 15 U.S.C. § 1125(c).

35.     Defendants' use of the identical UMAMI designation in connection with its restaurant services and burger offerings impairs the distinctiveness of the UMAMI BURGER mark and thereby lessens its capacity to identify and distinguish URG.

36.     Defendants' use of the identical UMAMI designation in connection with its restaurant services and burger offerings, is therefore likely to cause dilution by blurring in violation of 15 U.S.C. § 1125(c).

**COUNT IV**

**VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS 510/1 *et seq*)**

37.     URG realleges and incorporates herein paragraphs 1 through 36 of this Complaint.

38.     Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that Defendants' conduct causes a likelihood of confusion with or

8

misunderstanding as to source, sponsorship, affiliation, connection or association with URG and its services provided in connection with the UMAMI BURGER mark.

39.     Because Defendants had actual notice of URG's prior use of and rights in its UMAMI BURGER mark before Defendants began using their UMAMI designation, Defendants are willfully engaged in deceptive acts or practices in violation of Illinois law.

40.     As a result of Defendants' conduct, URG is likely to suffer harm, and has in fact already been injured.  Unless this Court enjoins Defendants' conduct, URG will continue to suffer irreparable harm.

<u>COUNT V</u>

**COMMON LAW TRADEMARK INFRINGEMENT**

41.     URG realleges and incorporates herein paragraphs 1 through 40 of this Complaint.

42.     URG is the owner of valid common law rights in its UMAMI BURGER mark, which it has used continuously and in connection with the provision of its restaurant services and burger offerings long prior to Defendants' adoption and first use of their UMAMI designation.

43.     Defendants' actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' services with URG and its UMAMI BURGER mark, and as to the origin, sponsorship or approval of Defendants and their services in violation of Illinois common law.

44.     Defendants' unauthorized conduct also has deprived and will continue to deprive URG of the ability to control the consumer perception of its restaurant services provided in connection with its UMAMI BURGER mark, placing the valuable reputation and goodwill of URG in the hands of Defendants, over whom URG has no control.

45.     Because Defendants had actual notice of URG's prior use of and rights in its UMAMI BURGER mark before Defendants began using their UMAMI designation, Defendants are willfully engaged in common law trademark infringement in violation of Illinois law.

46.     As a result of Defendants' conduct, URG is likely to suffer harm, and has in fact already been injured.  Unless this Court enjoins Defendants' conduct, URG will continue to suffer irreparable harm.

## COUNT VI

## UNFAIR COMPETITION

47.     URG realleges and incorporates herein paragraphs 1 through 46 of this Complaint.

48.     Defendants' actions complained of herein constitute unfair competition in violation of Illinois common law, as the aforementioned acts constitute an intentional misappropriation of URG's UMAMI BURGER mark, reputation and commercial advantage in which Defendants have acted with bad faith.

49.     As a result of Defendants' aforesaid conduct, URG has suffered substantial damage and irreparable harm constituting an injury for which URG has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, URG will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, URG requests that this Court enter a judgment in favor of URG and against Defendants as follows:

A.     Declaring that Defendants have willfully infringed URG's UMAMI BURGER mark and has willfully engaged in deceptive trade practices and unfair competition;

B.    Preliminarily and permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them from:

(1)    using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the terms UMAMI, or any term confusingly similar to URG's UMAMI BURGER mark; or

(2)    doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with URG's business, or that is likely to injure or damage URG's name, marks or business; and

C.    Requiring that Defendants:

(1)    reimburse URG for all damages it has suffered due to Defendants' acts complained of herein;

(2)    pay to URG exemplary damages;

(3)    deliver to URG's counsel for destruction all promotional materials, products, advertisements, signs, brochures, packages and other printed materials bearing the UMAMI designation and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within ten (10) days of the entry of the Order; and

(4)    reimburse URG for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D.    Awarding URG such other and further relief as this Court deems equitable.


Dated: June 16, 2015                    By:  ___/Lee J. Eulgen/_____
                                              One of the Attorneys for Plaintiff,
                                              Umami Burger Licensing USA, LLC

Lee J. Eulgen (ARDC# 6242858)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, Illinois  60602
(312) 269-8000